[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14267
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2010
JOHN LEY
CLERK

Agency No. A095-709-929

JIA LAN SHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 30, 2010)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Petitioner Jia Lan Shi ("Shi"), a native and citizen of the People's Republic

of China, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of her claim for asylum under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*[1]  Shi argues that she established a well-founded fear of future persecution based on her practice of Falun Gong and that the BIA's and IJ's finding to the contrary is not supported by substantial evidence in the record.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision, in which case, we review the IJ's decision as well.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  We review factual determinations, including credibility determinations, under the substantial evidence test, and will affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record as a whole.  *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009).  Once an adverse credibility finding is made, the burden is on the applicant to show that the credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence.  *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted).  Under this test, we view all evidence in the

---

[1]The IJ and BIA also denied Shi's request for withholding of removal and relief under the United Nations Convention Against Torture.  Shi petitions for review of only the denial of her application for asylum.

light most favorable to the agency's decision and will reverse the BIA's findings "only when the record compels" it. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Thus, even if the evidence could support multiple conclusions, we will affirm the agency's decision unless there is no reasonable basis for the decision. *Id*. at 1029.

Shi has not challenged the IJ's and BIA's adverse credibility determination in her petition. Even a liberal construction of Shi's brief compels the conclusion that Shi has waived her challenge to the adverse credibility findings made by the IJ and BIA. *See N.L.R.B. v. McClain of Ga.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities are generally deemed waived."). Alternatively, assuming Shi has not waived her challenge, she falls well short of her burden to demonstrate that the credibility decision was not supported by the record. *See Forgue*, 401 F.3d at 1287 (holding that the burden is on the applicant to demonstrate the IJ's adverse credibility determination is not supported by substantial evidence). Because the BIA's and IJ's adverse credibility findings have not been challenged, we conclude that the BIA's conclusion that Shi has not established a well-founded fear of future persecution based on her practice of Falun Gong is supported by the record. *See id.* ("[A]n adverse credibility determination alone may be sufficient to support the

3

denial of an asylum application.").  Therefore, we deny the petition.

**PETITION DENIED.**